

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Reginald Bracewell
District Attorney
Huntsville, Texas

Dear Sir:

Opinion No. O-2813
Re: The District Attorney of the
12th Judicial District is not
entitled to compensation as
provided in Article 326k-5 in
addition to the salary pro-
vided in Article 3886f.

Your recent request for an opinion of this Department upon the matter as is herein stated has been received.

We quote from your letter as follows:

"Article 326k-5 of Vernon's Annotated Texas Statutes provides that the District Attorney of the 12th Judicial District shall receive for the actual and necessary discharge of his duties in the said district for not to exceed fifty days actual compensation in addition to the number of days for which he might have been paid under the acts of the Regular Session of the 43rd Legislature.

"This act was passed in 1935 and from the reading of the bill was evidently intended to provide additional compensation for the District Attorney of this District in handling cases arising in connection with the Penitentiary located in Walker County, especially Habeas Corpus cases of which there are a great many.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"This Article was evidently intended to allow the District Attorney additional compensation other than that provided by general law.

"Article 3886f of Vernon's Annotated Statutes provides that District Attorneys shall receive an annual salary of $4,000.00 payable in twelve equal monthly installments upon warrants drawn by the Comptroller of Public Accounts upon the State Treasury.

"Section Four of said act is as follows: 'Nothing in this act shall be construed to repeal or affect any laws now in existence with reference to Assistant District Attorneys, Investigators or Stenographers in Judicial Districts included in this act.' There is no mention as to whether it repeals Article 326k-5 above referred to or any other special law. This Article was effective November 13, 1935.

"Prior to the enactment of the above mentioned Article 3886f, District Attorneys had been paid under Article 1021 of Vernon's Annotated Code of Criminal Procedure wherein District Attorneys were compensated upon a per diem basis.

"It is my opinion that Article 3886f above referred to does not repeal Article 326k-5 above referred to, and that the District Attorney of the 12th Judicial District is entitled to the additional compensation provided in said Article 326k-5 in addition to the salary provided under the said Article 3886f above referred to. It occurs that the Legislature in passing Article 326k-5 had in mind the enhanced work incumbent upon the District Attorney in this District with reference to handling Penitentiary matters as shown in said act.

"I would appreciate an opinion from your department as to whether or not the District Attorney of the 12th Judicial District is entitled to compensation as provided in Article 326k-5 in addition to the salary provided in Article 3886f above referred to."

Article 326k-5, Vernon's Annotated Civil Statutes, (Senate Bill No. 497, Acts of the 44th Leg., Ch. 133, p. 367) reads as follows:

Section 1. "The District Attorney of the 12th Judicial District of Texas shall receive for the actual and necessary discharge of his duties in the District Court of the 12th Judicial District of Texas, for not to exceed fifty (50) days each year in addition to the maximum number of days for which he may be paid under the Acts of the Regular Session of the 43rd Legislature. Payment of said additional compensation shall be made in the same manner as is provided for payment of compensation provided for by the Acts of the Regular Session of the 43rd Legislature."

Section 2. "Nothing herein shall be construed as preventing the District Attorney of the 12th Judicial District of Texas, from receiving his actual and necessary expenses while serving as said District Attorney in said district outside the county of his residence, as now provided by law."

Section 3. "The fact that the District Attorney of the 12th Judicial District of Texas has to prosecute all criminal cases originating out of the prison system of the State of Texas, and said business has crowded the docket of the 12th Judicial District to the extent that it is impossible for said District Attorney to receive a fair wage for the services performed for the State of Texas, and the further fact that the crowded condition of the docket of said court, prevents the proper dispatch of business in said court in a satisfactory manner within the number of days provided by law, creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each House be suspended, and this Act be enforced and take effect from and after its passage, and it is so enacted."

Article 3886f, Vernon's Annotated Civil Statutes (House Bill No. 57, Ch. 442, Acts of the 44th Leg., 2nd C. S.) reads as follows:

Section 1. "From and after January 1st, 1936, in all Judicial Districts in this State the District Attorney in each such District shall receive from the State as pay for his services the sum of Four Thousand Dollars ($4,000) per year, which said Four Thousand Dollars ($4,000) shall include the Five Hundred Dollars ($500) salary per year now allowed such District Attorneys by the Constitution of this State; providing that in all Judicial Districts in this State composed of two (2) or more counties in one (1) of which such counties there is a city containing the population of not less than ninety thousand (90,000) inhabitants according to the last preceding Federal Census, the District Attorney of such District shall receive from the State as pay for his services the sum of Five Thousand Five Hundred Dollars ($5,500) per year, which said Five Thousand Five Hundred Dollars ($5,500) shall include the Five Hundred Dollars ($500) salary per year now allowed such District Attorneys by the Constitution of this State. Such salary shall be paid in twelve (12) equal monthly installments upon warrants drawn by the Comptroller of Public Accounts upon the State Treasury. Provided that nothing in this Act shall be construed so as to deprive District Attorneys of the expense allowance allowed or which may hereafter be allowed by law."

Section 2. "All monies heretofore appropriated by the Legislature to pay fees, salaries, and per diem accounts of the officers named in this Act are hereby reappropriated for the purpose of paying the salaries fixed by this Act."

Section 3. "All fees, commissions, and perquisites which may be earned and collected by District Attorneys affected by this Act shall be paid into the County Treasury of the County in which such fees are earned for the account of the proper fund."

Section 4. "Nothing in this Act shall be construed to repeal or in any manner affect any law now in existence with reference to Assistant District Attorneys, Investigators or Stenographers in Judicial Districts included in this Act."

Section 5. "Nothing in this Act shall affect Criminal District Attorneys whose district is composed of only one (1) county."

Section 6. "The fact that the people of this State have adopted a Constitutional amendment abolishing the fee system as a method of compensating District, County, and Precinct officials and that said amendment will become operative on the first day of January, 1936, and the further fact that there is no law now in existence which after said date will provide for compensation of such District Attorneys, creates an emergency and an imperative public necessity requiring that the constitutional rule requiring bills to be read on three several days in each House be, and the same is hereby, suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

Section 61 of Article XVI of the State Constitution provides in part as follows:

"All district officers in the State of Texas and all county officers in counties having a population of twenty thousand (20,000) or more, according to the last preceding Federal census, shall from the first day of January and thereafter, and subsequent to the first regular or special session of the Legislature after the adoption of this resolution, be compensated on a salary basis. . . ."

The 12th Judicial District is composed of Walker, Grimes, Trinity, Leon, and Madison Counties.

Prior to the enactment of Article 3886f, supra, District Attorneys in Judicial Districts composed of two or more counties were paid under Article 1021 of Vernon's Annotated Code of Criminal Procedure, upon a per diem basis.

The additional compensation provided by Article 326k-5, supra, was to be paid in the same manner as provided for payment of compensation provided by the Acts of the Regular Session of the 43rd Legislature, which was Senate Bill No. 169, Chapter 11, Acts of the 43rd Legislature, 1933. The Act provided that certain sums of money be paid and the same were appropriated out of any funds in the State Treasury not otherwise appropriated, to pay the per diem of District Attorneys in Judicial Districts composed of two or more counties as provided by Chapter 236, Acts of the 40th Leg., Regular Session, for the balance of the fiscal year ending August 31, 1933, which appropriations were available immediately and were in lieu of the appropriations contained in Chapter 95, Acts of the Regular Session of the 42nd Legislature, to pay the per diem of fifty-two district attorneys. This Act further provided that the per diem provided in Chapter 236, Acts of the Regular Session of the 40th Legislature, for fifty-two district attorneys in judicial districts composed of two or more counties was twenty dollars per day not exceeding one hundred and two days, and $106,080.00 was appropriated by this Act for the salaries of the District Attorneys mentioned therein.

The additional compensation allowed by Article 326k-5, supra, applied to the 12th Judicial District when the District Attorney thereof was compensated on a per diem basis, as provided by the above mentioned Acts. However, since January 1, 1936, District Attorneys in judicial districts composed of two or more counties have not been compensated on a per diem basis, but have been compensated in accordance with Article 3886f, supra.

It is to be noted that the last enactment by the Legislature with reference to compensation of District Attorneys in judicial districts composed of two or more counties (Article 3886f, supra), does not expressly repeal Article 1021, Code of Criminal Procedure, or Article 326k-5, Vernon's Annotated Civil Statutes. However, the first statute above mentioned and the last two statutes under consideration herein, are in pari materia and their provisions in such respect cannot be reconciled, in such circumstances, the older statutes will be held to be repealed by implication to the extent of the conflict. It is to be presumed that the Legislature intended to repeal all laws and parts of laws clearly inconsistent with its later Acts. 35 Tex. Jur. p. 147, Sec. 77.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this Department that the District Attorney of the 12th Judicial District is not entitled to compensation as provided by Article 526k-5, and and that the only salary to which the District Attorney of said district is legally entitled is the salary as provided by Article, 3886f, supra, and appropriated by H. B. No. 257, p. 461, Acts 46th Leg., Regular Session, 1939.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 15, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:RS

